**Agron NDOCI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0181–ag.

United States Court of Appeals, Second Circuit.

Sept. 29, 2008.

Parker Waggaman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Agron Ndoci, a citizen of Albania, seeks review of a December 12, 2007, order of the Board of Immigration Appeals ("BIA"), affirming immigration judge ("IJ") Paul A. Defonzo's denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Agron Ndoci,* No. A98 690 462 (B.I.A. Dec. 12, 2007), *aff'g* No. A98 690 462 (Immigr. Ct. N.Y. City Jan. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, "without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly dis-

cussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

**Adverse Credibility Determination**

The adverse credibility determination in this case was supported by substantial evidence. The IJ's conclusions are based on specific examples of inconsistencies that are material to Ndoci's claim. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74, 78 (2d Cir.2004). For example, Ndoci's written statement and hearing testimony were inconsistent with respect to the dates and lengths of the detentions which formed the basis of his claim, in that, in his written statement, Ndoci indicated that he was held for 48 hours in May 1990 and held for 24 hours in June 2001, but he testified that the 1990 detention lasted only 24 hours and that the 2001 detention was in May and lasted for 48 hours. Additionally, although Ndoci testified that he became chairman of the NDP for his location in April 2001, his application stated that he joined the New Democratic Party ("NDP") in May 2001 and became a chairman in November 2001. Moreover, Ndoci failed to give a clear explanation for these discrepancies. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). These inconsistencies are material to Ndoci's claim as they relate to the incidents of persecution and his membership in the NDP, the basis for his claim of future persecution. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 74–78.

Moreover, Ndoci's claim that the IJ and BIA improperly assumed that he was a member of the Democratic Party ("DP") and failed to evaluate his claim of future persecution at the hands of the DP is unfounded. The BIA referenced Ndoci's claim that he would be persecuted by the party in power, noted that Ndoci's party was included in the Albanian government, but determined that, "notwithstanding the inclusion," the claim of future persecution was unfounded. A review of the record establishes that the BIA's conclusion on this point is substantially supported, as the background materials that Ndoci submitted in conjunction with his supplemental affidavit do not establish that the DP is persecuting members of the NDP. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (An applicant's failure to corroborate his or her testimony may also bear on credibility, where the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question).

Ndoci's contention that his credibility should not be affected negatively by his returning to Albania after traveling, on separate occasions, to the United States and to Montenegro does not merit remand. Even assuming error on this point, the adverse credibility determination is substantially supported by the inconsistencies cited by the BIA and IJ, and we can "confidently predict" that the agency would reach the same decision absent the error on remand. *See Xiao Ji Chen,* 471 F.3d at 339.

**CAT Relief**

Because Ndoci's brief to the BIA included no reference to his claim for relief under CAT, and because his brief in this Court mentions only that he applied for such relief and states, in a conclusory fashion, the legal standard for CAT relief, but does not include any argument on the claim, Ndoci's CAT claim is not reviewable in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.